UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES SECURITIES AND    )
EXCHANGE COMMISSION,               )
                                                    )
       Plaintiff/Garnishor,                      )
                                                    )
       v.                                                  )    Civil Action No. 01-10637-PBS
                                                    )
ERIC E. RESTEINER,                            )
                                                    )
       Defendant,                                    )
                                                    )
and                                                 )
                                                    )
MARC RESTEINER, as Trustee for    )
the HAROLD E. RESTEINER              )
IRREVOCABLE TRUST, and its          )
successors or assigns,                        )
                                                    )
       Garnishee.                                    )
_____)

REPORT AND RECOMMENDATION ON APPLICATION
FOR POST-JUDGMENT CONTINUING WRIT OF GARNISHMENT
[Docket No. 141]

December 3, 2013

Boal, M.J.

       The United States Securities and Exchange Commission ("SEC") has filed an application for a post-judgment writ of garnishment directed to Marc Resteiner as Trustee for the Harold E. Resteiner Irrevocable Trust (the "Garnishee").[1]  On August 19, 2002, the District Court entered a final judgment against defendant Eric E. Resteiner ("Resteiner").  Docket No. 82.  The SEC

---

[1] The District Court referred the application to the undersigned on November 1, 2013. Docket No. 142.

-1-

claims that the total judgment amount is approximately $37,317,319.21.  App. at 2.[1]  However, in this application, the SEC only seeks the penalty amount and the post judgment interest, which totals $5,789,667.50.  Id. at 2, n.1.  The SEC believes that the Garnishee has possession, custody, or control of property in which Resteiner has a substantial non-exempt interest.

The Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq., "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt."  28 U.S.C. § 3001(a)(1).  The FDCPA authorizes the United States to seek a writ of garnishment from the court.  See 28 U.S.C. § 3205.  Under Section 3205, the United States must file an application for a writ of garnishment containing the following information:

> (A) the judgment debtor's name, social security number (if known), and last known address;
>
> (B) the nature and amount of the debt owed and the facts [sic] that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due; and
>
> (C) that the garnishee is believed to have possession of the property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest.

28 U.S.C. § 3205(b)(1).  If the Court determines that these requirements have been met, then the Court "shall issue an appropriate writ of garnishment."  28 U.S.C. § 3205(c)(1).

Once the Court issues the writ of garnishment, the United States serves the writ on the judgment debtor and the garnishee and certifies to the Court that it has done so.  28 U.S.C. § 3205(c)(3).  The writ must be served on the garnishee together with "an instruction explaining the requirement that the garnishee submit a written answer to the writ" and "instructions to the

---

[1] "App." refers to the Application for Post-Judgment Continuing Writ of Garnishment. Docket No. 141.

judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." Id.  In addition, the United States must prepare, and the clerk of court shall issue, a notice to the judgment debtor, along with a copy of the application for writ of garnishment, in substantially the form provided by Section 3202(b).  28 U.S.C. § 3202(b).

Here, the SEC's application contains all of the information required by Section 3205(b)(1).  The SEC has also included instructions to the garnishee and Resteiner as provided by Section 3205(c)(3) and the notice to Resteiner required by Section 3202(b).[2]  Accordingly, the Court recommends that the District Court grant the SEC's application and issue a writ of garnishment.[3]

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[2] The Court notes that the instructions to the debtor appear to contain a mistake on page 2.  See Docket No. 143 at 16.  The first sentence of the last paragraph on page 2 states "Exhibit D contains a list of exemptions available under 11 U.S.C. § 522(d) and California law."  Id.  However, Exhibit D does contains exemptions available under Texas, not California, law. The garnishee is located in Texas.  In addition, the language in the notice is not identical to the language in Section 3202(b) but that section does not appear to require exact language.  See 28 U.S.C. § 3202(b) ("the United States shall prepare . . . a notice in substantially the following form . . .").

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).